Thank you Okay, we have mr. Gerland and we are waiting for mr. Floor and now we have mr. Floor and I will call the case 2029 49 United States versus Sultan Issa and Mr. Gerland you may begin. Thank you. May it please the court Michael Berlin on behalf of the appellant Sultan Issa I Think everyone on this call has a common interest in ensuring that what happened in the district court with regard to The admission of a Senate team memorandum from a third party in facts coming in sideways I think everyone has an interest in assuring that that doesn't happen I have trouble seeing where you find a prohibition Well, I don't believe that what the Crime Victim Rights Act says your honor is that a victim has a right to be quote-unquote reasonably heard at sentencing or at other hearings or proceedings Where they may have an interest? What happened here went beyond that and resulted in a due process violation I could not find a single case that said that a Lawyer for a victim could file a sentencing memorandum make legal arguments. In fact argue for something inconsistent with what? The prosecution and the defense had agreed to isn't that the whole point of the CVRA to allow victims to? provide a different point of view The point of the CVR CVRA as well as rule 32 is to allow victims to Be heard and to present facts that will enable the court to consider the psychological social and financial impact of The crime on them in determining sentence. It does not permit Victims to put in so-called other relevant conduct about which they have no personal knowledge about which they have no basis Clearly there are limits and I don't disagree with you about due process But you've been taking a much much stronger position in this case that Expressing a different view on guideline issues whether in writing or orally recommending a different sentence Either violates the due process clause or in your reply brief violates the the act Well two responses I I do believe that it went beyond the act I and the courts have And and I submit what happened here was not reasonable and and the proof of that your honor is in the fact that after the Victim's lawyer told the judge that that mr Began committing crimes in 2008 two years before the offense conduct two years before any criminal conduct The government was aware to or would agree to He walked into state court and and filed a verified complaint Attesting to the fact that what he had told the judge was false. He told a million-dollar lie to the judge and You know I thought it was pretty clear that the court relied only on the statements as to the close Relationship between Mr. Issa and the Weston's and found that it was those facts that made the offense in this case an unusually a Personal one. So I mean, I'm not sure You know what error there is in the court relying on on those it Indisputed or I should say undisputed facts, I mean and Justice judge Hamilton noted. Isn't that the type of evidence that the court typically? Would consider in a victim impact statement It is but this went beyond the victim impact statement your honor and it cannot be disputed listen It's it's it's very clear under the law that a due process violation occurs if the court bases its sentencing on unfounded facts on misinformation false information or speculation and it can't be disputed that The court was misled. They were misled about defending. He said supposedly forging a release in 2008 on a 2.7 million dollar loan that never happened. The judge was misinformed It never happened and we don't know sitting here if the judge considered that or not the government It's brief says no the court can look back and consider this other so-called relevant conduct and there was no question on the record before this court that a false statement was made to the judge and that it somehow polluted Impacted the hearing and the judge said more than she was affected by the The naming of the children and what honors we've said she also said that she found The information provided by mr. Gere helpful informative without making any findings of fact or any directed decisions So we don't know sitting here and I think it'd be intellectually dishonest to say we know for certain what she did or didn't do we don't know what she considered with regard to the 2008 conduct that she was told about that never occurred or 2017 conduct that she was told about that never occurred and on that record and See, I'm past my my direct time and I do want to reverse Keep some time from rebuttal, but I also want to point out that this court in 2012 in a laranetta decision foresaw this problem and said very clearly and I'm quoting laranet 700 That would be a quote-unquote mistake a quote-unquote Recipe for chaos to allow a victim to intervene in a case to spit essentially essentially in the manner that occurred here the court said try to imagine if quote a Non-party tried to participate in the sentencing hearing in order to persuade the judge to impose a harsher sentence than suggested by the prosecutor Close quote defending ESA doesn't need to imagine it. It's exactly what happened to him Why is that inconsistent with the current Crime Victims Rights Act? I understand what laranet has said, but I find it very difficult to reconcile with statute and All the Crime Victims Rights Act says your honor is that the victim has a right to be quote-unquote Reasonably hurt and I guess the issue is what is reasonable and the courts have been very expansive In allowing victims to say and do things and I submit that he you know There has to be a line somewhere reasonable doesn't mean anything and everything a victim wants to do It doesn't mean that a victim can come before and provide false information, which is what happened in this case It's why there's a due process violation a line has to be drawn somewhere and I submit the line was clearly crossed in this case I'd like to reserve my remaining two minutes if possible Mr. Floor Good morning, and may it please the court the district court did not Commit error in imposing a below-guideline sentence without meaningful objection from the defendant as to the procedure That the district court applied there was Information that was submitted by victims and it was consistent with the Crime Victims Rights Act as well as other statutory law and judicial precedent The Westin's were provided a fulsome opportunity to be heard, but they were not formal interveners Which was what this court was concerned about in the larinetta case, and that's what they were considering in that case In this instance, there was no due process concern because the defendant had ample notice to respond to the matters that were presented by the victims both in writing and in person and The defendant had ample opportunity to present arguments in in opposition of what the the victims were were asking for Victim Vulnerability or is something more required. Mr. Floor Yes, your honor the the requirements of the applicable guideline are that the victim? I'm sorry that the defendant knew or should have known that the victim of his offense was a vulnerable victim So there's essentially two components the first being that That the that the victim in question was a victim in the sense that they they sustained a loss The second component is that that victim is vulnerable as There is no targeting requirement that they were specifically targeted because of the vulnerability. I don't think that there's any face-to-face requirements that is As the defendant has intimated in his papers in this what the what the the guideline requires is that the defendant knew of the Knew of the vulnerability and that the the that there was a loss and here both with respect and I would point out that This was not preserved at during the during the proceedings and it's our position that the argument Is waived through a number of steps, which i'll address in a moment, but as to um At least two victims there was a clear basis in the record Uh clear vulnerabilities that the defendant acknowledged both with respect to dawn weston the principal victim's mother She was in her 90s She had she suffered from dementia And that was her vulnerability in addition the uh, the loss that she sustained that there's no question as to The a trust that had been created for her and to to provide for her assisted living expenses Uh that that that was rated that was the term the district court used when summarizing that particular enhancement In addition to dawn weston though. There's also grace castillo a woman whose husband was a close friend of the defendant Uh, and whose husband passed away and in the the months and that followed the defendant pursued her Uh and encouraged her to invest with him approximately five hundred thousand dollars um, he he stated that he was going to take a look at her financial situation, uh, and after doing so he Warned her that she would run out of money within two years Um that was addressed both victims were addressed in the factual basis to the plea agreement uh, both victims, uh, the facts and circumstances were addressed at the sentencing hearing And at every stage of the proceedings the defendant did not object and in fact agreed to those To the application of the enhancement in the text of the plea agreement. Yes, your honor the court didn't rely on uh Mrs. Castillo uh, uh In imposing Uh the vulnerable the victim enhancement But but but did you argue to the court that the enhancement was appropriate on that basis as well? Your honor again on there was no objection and this was an agreed situation. So what i'd like so so and and Candor we in the sentencing memorandum that the government submitted we focused we did focus on dawn weston not grace castillo What I I would refer the court to is the earlier steps in the proceeding the factual basis to the plea agreement which also addresses Uh, ms. Castillo as one of the individual investors that that put their money with um, the defendant and sustained a loss Um, and it even uses the term vulnerable in in that in that context um Where where I think the shift changed? The the situation changed judge rovner was with regard to the the psr because when the the probation did its pre-sentence investigation report Uh it it affirmed that the the enhancement should apply and it noted Uh, don weston the vic the principal victim's mother As providing the basis for that and and so again without any objection from the defendant in his his sentencing submission Um as well as the government's focus on on her not grace castillo um that that continued on into the sentencing hearing, but I would point out judge that um, grace castillo made a an unsworn statement at the sentencing hearing where she Confirmed some of the statements that she had submitted to probation in a victim impact statement and again highlighted for the court Um the fact that she was in a vulnerable state following the death of her husband with young children And the fact that the defendant took advantage of that situation and stole over $400,000 in in the process I'm sorry, you're under is there a follow-up? Okay Um going back to the procedure for a moment. I did want to talk a little bit about the larinetta opinion And I think it's important that we we distinguish the the factual setting From that case as to the one here in that case um the this court was considering whether to permit uh victims to intervene at the appellate level in a situation where Their uh financial stake in a in a substantial restitution order would potentially be jeopardized Um in in the matter being addressed on appeal And it was in that context that that where the this court juxtaposed the concerns. Um about intervention Not mere participation or being reasonably heard but an actual intervention um at the district court level and that's where that that language comes from That uh that the defendant just just cited that's not what happened here the defendants The victims were afforded an opportunity to be heard Um, they were they were offered that opportunity both in person At sentencing as well as through their counsel and they submitted matters In writing prior to the hearing and the defendant had ample opportunity to respond to those to those matters What should we do with this mortgage miss Um Certainly judge, um, I think some context there is helpful as well um First I would point out that that the pleading that mr. Uh that the defendant has filed, uh in this matter was made uh more than two months after the sentencing hearing so it's It's somewhat challenging to understand how judge wood would have considered that but insofar as whether or not it illustrates An inconsistency in the positions that the victim's counsel took The victim's counsel stated at sentencing that the defendant had quote never paid a dime with respect to that to that mortgage Whereas months later, um in a in a verified pleading he indicated that there was a 1 million dollar payment Um, but I think again additional context is helpful Um as as noted in the pleading that the defendant filed in his reply brief, uh, there were a number of of other other mortgages that were filed against with respect to that property Um that brought the value away from the original 2.6 million to north of 4 million um In addition, there was a an allegation that the defendant forged a release In 2012 with respect to that same secured interest that same home That's never been denied. That's never been denied by the defendant at the trial level. Uh, it's not been it was it's not been denied, uh here at the appellate level, so But I think the the key for the this court's consideration Is whether or not that was inaccurate? And even if it is inaccurate did the district court rely on it and the The the record is clear in this case that though the government or though the district court uh considered the submission from um the victim's counsel And appreciated it and and thanked them for providing that context the district court did not rely on that information Um in rendering its below guideline sentence, uh for the defendants So if there's no further questions, I see i'm out of time, uh, the government requests that the this court affirm the district court's judgment Thank you. Mr. Fleur. Mr. Gerling Several things your honor. There's a lot to unpack on the due process issue, but i'm going to try and Fund it all together with this thought. Um, and and the the mortgage mess is more than a mortgage mess It was it was a more than a million dollar lie that was told it extended the crime back two years and and I don't think you can say the court considered it and was thankful for it and found it helpful, but but then ignored it I I I think it's clear that the court and a lot of times you go through the transcript a lot of time There's a lot of back and forth not just about the mortgage but also speculation about whether or not. Mr Isis has money overseas somewhere and while the government says our investigation didn't show that was true The government also says oh we can't foreclose that possibility We don't know that that didn't happen and again that invites the court to engage in speculation, but but i'd like to Yes, I ask you. Could I ask you a question? um, the district judge here is noted gave a below guideline sentence and In the guideline calculations gave uh, mr. Isis a credit for acceptance of responsibility Um, it seems to me it would be very hard to reconcile reliance upon Some of the facts you're focusing or the allegations you're focusing on Uh to have relied on that in making a decision on the sentence and still have given him acceptance and below guidelines Can you help me with that? Yes, your honor several things First of all the the mortgage issue which I do believe is a clear due process violation because it is clearly false information that Affected mr. Isis sentencing hearing That occurred years before Mr. Isis began cooperating with the government. So The judge could believe that credit it it could impact her sentence and she could still give mr. Isis acceptance of responsibility because that occurred His cooperation his acceptance occurred after it would it would be like saying that you couldn't give him acceptance because he stole from Some money from mr. Weston in 2012. It doesn't matter. It all occurred before he began cooperating and providing information I think it's also very difficult to to sit here with and look at other facts Such as this idea is is there money somehow in an account overseas and say the judge didn't consider it at all Because she gave him acceptance. She may have felt well There's not enough to give to for me to deny him acceptance, but it certainly could have affected her thinking About mr. Issa and how she was going to sentence him Yes, it's below guidelines. That doesn't actually matter under the law um, but He received a very stiff sentence of 16 years, which is above what people normally receive in similar financial crimes, um I see i'm over my time. Could I have another minute? Absolutely, you may take it uh two minutes Okay I'll take the two minutes then because the one point that I did want to make this Make on with regard to the due process issue is just imagine for a second if the shoe was on the other foot And and this your honor is why I made what what you called my presumptuous comment at the beginning But imagine if a third party came in to a sentencing hearing And started making allegations that the government was unaware that they couldn't fight that was unsupported That argued for a more lenient sentence the government would be apoplectic. They'd be beside themselves. They wouldn't allow it to happen And I understand. Mr. Flutter saying well defense council did object. Well, they did object they objected very Tiptoeedly because They were essentially put in the untenable position of having to call the victim a liar while trying to Get acceptance and responsibility so that so the defense attorney did object. He said these things aren't true Judge, he doesn't have a discovery obligation but He was in that impossible situation And and that's why I believe the parties The government and the defense the defense bar and the prosecution have a common interest in assuring As the court said in larinetta The proper flow of information and the proper control over the flow of information a case like this So that defendants do receive due process of the law um with regard to the the vulnerable victim issue just to respond to judge rogan's question, you know our Issue with that is very very narrow and it's simply that Um And I understand there's no targeting requirement anymore But if you look at the commentary and you're supposed to interpret the guidelines to give the commentary meaning if you look at the commentary the examples of when that Enhancement would apply Are examples such as marketing a cancer cure to cancer victims or targeting someone in a robbery because they're handicapped It's not our case and and and the instance that describes where where it would not apply a mass marketing Uh to the general public and it happens to be that one of those individuals maybe like miss weston is is vulnerable is mentally infirm that does seem to really be more of our case because based upon the record and You know, I was not involved in the underlying case investigation, but based upon the appellate record It seems very clear that mr. Issa was targeting roger weston and the banks, uh that had control of The number in the record and all of his communications Were with mr. Weston with the bank There's no indication that he had any direct communication or directed anything or said anything to don weston So while I appreciate that in his plea agreement, he's he said yes She was mentally infirm. There is no indication that he tried to Target or exploit or communicate with or direct anything to or do anything That would have resulted in him taking advantage of her in any way she had really nothing to do with his ability to embezzle that money Well, thank you very much. Mr. Gerland. Thank you very much. Mr. Fleur and It will be taken under